

FILED

06 SEP 21 PM 3: 04

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____ DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANAL NAOOM dba L.T.M. AUTO SALES; et al.,<br><br>                              Plaintiffs,<br>  vs.<br><br>SECURED ASSETS INCOME FUNDS, an unknown entity; et al.,<br><br>                             Defendants.<br><br>SAIF, INC., a California corporation, et al.,<br><br>                          Counter-Claimant,<br>  vs.<br>MANAL NAOOM dba L.T.M. AUTO SALES; et al.,<br><br>                        Counter-Defendants. | CASE NO. 05-CV-1207 H (CAB)<br><br>**ORDER DENYING COUNTERCLAIMANT'S APPLICATION FOR ORDER FACILITATING PRIVATE DISPOSITION OF COLLATERAL** |

    On August 4, 2006, the Court received an application from Counterclaimant SAIF, Inc. for an Order facilitating the sale of collateral pursuant to California Commercial Code §§ 9609 and 9610. (Doc. No. 50.) Counterdefendants Manal Naoom, Javad Mousavinia, Parviz Ghadimi, Afshin Kashani, Mehran Khomamizadeha,

- 1 -

and Mohammed Kashan (collectively "Counterdefendants") submitted an opposition on August 11, 2006. (Doc. No. 55.) In their opposition, Counterdefendants include a request for a temporary restraining order ("TRO") or a preliminary injunction against Counterclaimant. On August 14, 2006, Counterdefendants submitted another application for a TRO or preliminary injunction. (Doc. No. 65.) In both applications, Counterdefendants seek to restrain Counterclaimant from collecting and selling the inventory currently held by the Counterdefendants.

The Court held a hearing on Counterclaimant's request and Counterdefendants' applications for injunctive relief on August 15, 2006. Richard P. Miller appeared for Counterdefendants and Richard S. Van Dyke appeared for Counterclaimant. Following the hearing, the Court entered an order on August 16, 2006 continuing both Counterclaimant's request for an order facilitating sale and Counterdefendants' requests for injunctive relief. Additionally, the Court allowed the parties to file supplemental briefs. On August 25, 2006, Counterdefendants submitted a request for a TRO in response to Counterclaimant's alleged repossession of several cars. (Doc. No. 79.) In their latest request, Counterdefendants again ask the Court to restrain the Counterclaimant from collecting and disposing of vehicles held by various Counterdefendants. Counterclaimant filed a response to the request for a TRO on August 28, 2006. (Doc. No. 80.) On September 13, 2006, the Court received supplemental memoranda from both Counterdefendants (Doc. No. 91) and Counterclaimant (Doc. No. 93). On September 18, 2006, the Court received Counterdefendants' lodgments and Counterclaimant's supplemental reply in support of their positions. Finally, the Court held a second hearing on September 20, 2006. Richard P. Miller appeared for Counterdefendants and Richard S. Van Dyke appeared for Counterclaimant.

For the reasons stated below, the Court DENIES Counterdefendant's application for an order facilitating private disposition of collateral.

/ / / /

## Discussion

Counterclaimant seeks an order by the Court to facilitate the sale of collateral in the possession of the respective Counterdefendants pursuant to California Commercial Code §§ 9609 and 9610. Section 9609 states, in pertinent part:

> (a) After default, a secured party may do both of the following:
> (1) Take possession of the collateral.
> (2) Without removal, render equipment unusable and dispose of collateral on a debtor's premises under Section 9610.
>
> (b) A secured party may proceed under subdivision (a) in either of the following ways:
> (1) Pursuant to judicial process.
> (2) Without judicial process, if it proceeds without a breach of the peace.

Cal. Comm. Code § 9609. Section 9610 provides, in part:

> (a) After default, a secured party may sell, lease, license, or otherwise dispose of any or all of the collateral in its present condition or following any commercially reasonable preparation or processing.
>
> (b) Every aspect of a disposition of collateral, including the method, manner, time, place, and other terms, must be commercially reasonable.

Cal. Comm. Code § 9610. Under the California Commercial Code § 9102(a)(72), a "secured party" is "[a] person in whose favor a security interest is created or provided for under a security agreement, whether or not any obligation to be secured is outstanding." Cal. Comm. Code § 9102(a)(72).

According to SAIF, Inc.'s Senior Vice President, Thomas Sterling, each of the six Counterdefendants are in default on their respective loans. (See e.g., Sterling Decl. at ¶ 6.) None of Counterdefendants' papers dispute this, but dispute the amount of debt and to which entity they owe money. The individual security and buy-back agreements were "for the benefit of Secured Assets of California, a management company." (See, e.g., Third Amended Complaint, Ex. 1.) The argreements also stated that Secured Assets of California was "under contract to Secured Assets Income Funds, (SAIF),[1] a subsidiary of Secured Assets, Inc., a Nevada corporation." (See, e.g., id.) Further,

---

[1] The agreements reference "SAIF," but apparently as an abbreviation for Secured Assets Income Funds, a Nevada corporation, not as a reference to Counterclaimant SAIF, Inc., the California corporation presently before the Court.

different entities signed the purchase and buy-back agreements. (See, e.g., id., Ex. 1 ("Secured Assets Income Funds"), Ex. 4 ("Secured Assets of California"), and Ex. 10 ("SAIF, Inc.").) Similarly, examining the various UCC-1 statements submitted by Counterclaimant, they were filed by different entities. (See, e.g., Counterclaimant's App., Ex. A (SAIF, Inc. filed as to LTM Auto Sales), Exs. C-1 & C-2 (both Secured Assets Income Funds and SAIF, Inc. filed as to MP Motors), and Ex. D (Secured Assets of California filed as to Car Mart).)

Counterclaimant maintains that SAIF, Inc. became the successor of Secured Assets of California as a matter of law through a de facto merger. The Court will revisit whether SAIF, Inc. became the successor through a de facto merger in ruling on the parties' motions for summary judgment. The Court has already scheduled a hearing on summary judgment for October 16, 2006, discovery is almost complete, and trial is scheduled for November 21, 2006. Further, this case was removed on June 7, 2005, but Counterclaimant did not file its ex parte application for an order facilitating the sale of collateral until August 4, 2006. Accordingly, the Court declines to address the issue of whether SAIF, Inc. became the successor of Secured Assets of California at this time.

## Conclusion

For the reasons stated above, the Court DENIES Counterclaimant's application for an order facilitating private disposition of collateral.

IT IS SO ORDERED.

Dated: 9/21/06

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT

| | |
|---|---|
| 1 | COPIES TO: |
| 2 | Richard S. Van Dyke, Esq.<br>Van Dyke & Associates |
| 3 | Faraday Business Park<br>5741 Palmer Way, Suite B |
| 4 | Carlsbad, CA 92008 |
| 5 | |
| | Richard P. Miller, Esq. |
| 6 | Law Offices of Richard P. Miller<br>2207 Garnet Avenue, Suite N |
| 7 | San Diego, CA 92109 |
| 8 | |
| 9 | |
| 10 | |
| 11 | |
| 12 | |
| 13 | |
| 14 | |
| 15 | |
| 16 | |
| 17 | |
| 18 | |
| 19 | |
| 20 | |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |
| 26 | |
| 27 | |
| 28 | |