UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANAL NAOOM, et al.,<br><br>　　　　　　　　　　　Plaintiffs,<br><br>　v.<br><br>SECURED ASSETS INCOME FUNDS, et al.,<br><br>　　　　　　　　　　　Defendants. | Civil No.   05-CV-1207 H (CAB)<br><br>**ORDER FOLLOWING HEARING ON ORDER TO SHOW CAUSE**<br>**[Doc. # 89]** |

　　On September 22, 2006 the Court held a hearing on the Order to Show Cause ("OSC") issued due to Defendants' failure to submit a timely settlement conference statement, and the unexcused absence of Defendant Thomas A. Sterling ("Mr. Sterling")[1] resulting in the cancellation of the Mandatory Settlement Conference ("MSC") scheduled for September 13, 2006.  Mr. Sterling and one of his counsel, James Bush, Esq., appeared at the OSC hearing.[2]  Richard Miller, Esq., appeared on behalf of Plaintiffs.

　　The MSC was set by the Scheduling Order issued on January 27, 2006.  The MSC statements were due on or before September 6, 2006.  Defendants did not submit their MSC statement until September 11, 2006.  In addition, on the morning of the scheduled MSC, Mr. Richard Van Dyke,

---

[1] Mr. Sterling is sued individually and as "D.B.A. Secured Assets of California," as well as a shareholder of Defendant SAIF, Inc.

[2] The Court notes that there is no record of Mr. Bush having made a formal appearance in this matter.  It appears, however, that Mr. Bush is associated with Mr. Richard Van Dyke, Esq., counsel of record for Defendants in this case.  Mr. Bush appeared for the OSC on behalf of Mr. Van Dyke and represented Mr. Van Dyke was ill and unable to attend.

1                                                                                                                05-CV-1207 H (CAB)

counsel of record for Defendants, notified the Court by phone that Mr. Sterling was unavailable to appear, and requested a continuance. The MSC was vacated. This Court issued an Order to Show Cause requiring Mr. Sterling to submit a declaration explaining the reasons for his failure to attend the MSC and for his failure to submit a timely MSC statement. Mr. Sterling's declaration stated that Mr. Sterling had never been informed by his counsel that his presence at the MSC was required. Mr. Van Dyke submitted his own declaration confirming that his office had failed to inform Mr. Sterling of the obligation to appear. Consequently, the Court will not issue sanctions against Mr. Sterling.

Mr. Van Dyke offered no explanation as to why he submitted Defendants' settlement conference brief five days late or why he did not advise his client of the mandatory court appearance scheduled for September 13, 2006. As mentioned above, counsel was provided the date for the MSC in a scheduling order issued on January 27, 2006. Counsel had over seven months to advise his client of the date, prepare for the conference and confirm his client's availability. It is counsel's obligation to communicate court dates and deadlines to the client, and to attend an MSC with the appropriate representative prepared to have a meaningful settlement discussion. Mr. Van Dyke's actions indicate that he did not undertake that obligation with the requisite seriousness.

Although Mr. Van Dyke's failure to communicate appropriately with his client caused inconvenience to the Court and to Plaintiffs and their counsel, the Court will not issue a monetary sanction at this time. Mr. Van Dyke is, however, admonished that any future failure to follow Court orders and file timely papers or inform his client of mandatory hearings will result in sanctions.

IT IS SO ORDERED.

DATED: September 26, 2006

_____
**CATHY ANN BENCIVENGO**
United States Magistrate Judge