**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MANAL NAOOM dba L.T.M. AUTO SALES; et al.,<br><br>                            Plaintiffs,<br>vs.<br><br>SECURED ASSETS INCOME FUNDS, an unknown entity; et al.,<br><br>                            Defendants.<br><br>SAIF, INC., a California corporation, et al.,<br><br>                            Counter-Claimant,<br>vs.<br><br>MANAL NAOOM dba L.T.M. AUTO SALES; et al.,<br><br>                            Counter-Defendants. | CASE NO. 05-CV-1207 H (CAB)<br><br>**ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION**<br><br>(Doc. No. 164.) |

      Plaintiffs Javad Mousavinia (d/b/a Cars-R-Us), Manal Naoom (d/b/a LTM Auto Sales), Parviz Ghadimi (d/b/a MP Motors), Afshin Kashani (d/b/a Auto Finance Group), Mehran Khomamizadeha (d/b/a Car Mart), and Mohammed Kashan (d/b/a Team Auto) (collectively, "Plaintiffs") originally filed their complaint in state court

/ / / /

- 1 -

on June 30, 2004. Defendants removed the action to this Court on June 7, 2005. (Doc. No. 1.)

Plaintiffs filed a motion for summary judgment on September 7, 2006. (Doc. No. 86.) Defendants SAIF, Inc., Secured Assets of California, Thomas A. Sterling, and Carole Sterling (collectively, "Defendants") filed their opposition on September 18, 2006, (Doc. No. 100), and Plaintiffs submitted a reply on September 25, 2006. (Doc. No. 126.) Plaintiffs submitted a second reply on October 6, 2006. (Doc. No. 144.)

On September 1, 2006, Defendants SAIF, Inc., Secured Assets of California, Thomas A. Sterling, and Carole Sterling (collectively, "Defendants") filed a motion for summary judgment on several of Plaintiffs' claims, and Defendant/Counterclaimant SAIF, Inc. filed a motion for summary judgment on several of its counterclaims. (Doc. No. 87.) Plaintiffs filed their opposition on September 18, 2006, (Doc. No. 105), and Defendants filed a reply on September 25, 2006. (Doc. No. 124.)

The Court held a hearing on the motions for summary judgment on October 16, 2006. Richard Miller appeared for Plaintiffs, and Richard Van Dyke appeared for Defendants/Counterclaimants. At the hearing, counsel for Defendant SAIF, Inc. presented the Court with a declaration from Rita Mills McCoy and a certificate of merger. The Court entered its order on the parties' motions for summary judgment on October 16, 2006. (Doc. No. 150.) The Court's ruling did not rely upon the evidence SAIF, Inc. presented at the hearing.

Presently before the Court, on October 31, 2006, Plaintiffs submitted a response to Defendants' additional evidence in support of summary judgment. (Doc. No. 164.) In their response, Plaintiffs ask the Court to reconsider its ruling regarding SAIF, Inc.'s standing to enforce the disputed agreements. For the reasons that follow, the Court DENIES Plaintiffs' motion for reconsideration.

**Discussion**

A motion for reconsideration "is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was

- 2 -

1 manifestly unjust, or (3) if there is an intervening change in controlling law." School
2 Dist. No. 1J, Multnomah County v. AcandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993).
3 Amendment by the court upon motion for reconsideration should be used sparingly and
4 is only appropriate in exceptional circumstances. See Carroll v. Nakatani, 342 F.3d 934
5 (9th Cir. 2003). Whether to grant or deny a motion for reconsideration is in the sound
6 discretion of the district courts. Navajo Nation v. Norris, 331 F.3d 1041, 1046 (9th Cir.
7 2003) (citing Kona Enter., Inc. v. Estate of Bishop, 229 F.3d 877, 883 (9th Cir. 2000)).

In their motion, Plaintiffs ask the Court to reconsider its ruling that SAIF, Inc. has standing to enforce the agreements. In support of their position, Plaintiffs argue that: (1) Defendants supported their motion with surprise evidence; (2) Rita Mills McCoy has unclean hands; (3) Defendants' new evidence contradicts the declaration of Defendant Thomas Sterling; and (4) a state court in Nevada made contrary findings of fact and conclusions of law.

With regard to Plaintiffs' argument that Defendants supported their motion with surprise evidence, Plaintiffs object to the evidence because Plaintiffs have not received discovery regarding Rita Mills McCoy. As indicated above, however, the Court did not rely upon the evidence in its summary judgment order. Concerning Plaintiffs' argument that Rita Mills McCoy has unclean hands, they argue that her past misconduct deprives the evidence of trustworthiness. Again, however, the Court did not rely upon this evidence in its summary judgment order.

Next, Plaintiffs contend that the new evidence contradicts the declaration of Defendant Thomas Sterling. In support, Plaintiffs cite to the California Code of Civil Procedure and to California cases regarding the summary judgment standard in state court. Further, rather than describing how the new evidence contradicts the declaration of Thomas Sterling, Plaintiffs provide reasons why the Court should discredit Rita Mills McCoy's declaration. Because the Court did not rely upon the McCoy declaration, Plaintiffs have not shown exceptional circumstances justifying reconsideration. See, e.g., Nakatani, 342 F.3d 934.

Finally, Plaintiffs again direct the Court to a Nevada state court case, <u>Wexler v. Polich</u>, Case No. A452753.  According to Plaintiffs, on October 23, 2006, the court in <u>Wexler</u> entered a final judgment against SAIF, Inc. for conversion in which the court made findings of fact and conclusions of law contrary to those in this Court's summary judgment order.  Findings of fact and conclusions of law in the Nevada case, however, do not amount to newly discovered evidence, do not demonstrate clear error or manifest injustice, and do not amount to an intervening change in controlling law.  Accordingly, none of the reasons justifying reconsideration are present here.  <u>See, e.g.</u>, <u>School Dist. No. 1J, Multnomah County</u>, 5 F.3d at 1263.

## Conclusion

Because Plaintiffs have not shown that any of the reasons justifying reconsideration are present here, the Court DENIES Plaintiffs' motion for reconsideration.

IT IS SO ORDERED.

DATED: October 31, 2006

*(signature)*
MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT

COPIES TO:
Richard S. Van Dyke, Esq.
Van Dyke & Associates
Faraday Business Park
5741 Palmer Way, Suite B
Carlsbad, CA 92008

Richard P. Miller, Esq.
Law Offices of Richard P. Miller
2207 Garnet Avenue, Suite N
San Diego, CA 92109