| | |
|---|---|
| 1 | |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | |
| 7 | |

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| MANAL NAOOM dba L.T.M. AUTO SALES; et al., | | CASE NO. 05-CV-1207 H (CAB) |
| | Plaintiffs, | **ORDER:** **(1) GRANTING DEFENDANTS' RENEWED APPLICATION FOR DISCOVERY SANCTIONS AS TO PLAINTIFF MOUSAVINIA, DISMISSING MOUSAVINIA'S CLAIMS, AND ENTERING DEFAULT AGAINST MOUSAVINIA ON SAIF, INC.'S COUNTERCLAIMS; (2) TAKING DEFENDANTS' APPLICATION UNDER SUBMISSION AS TO PLAINTIFF KHOMAMIZADEH; AND (3) DENYING DEFENDANTS' APPLICATION AS TO PLAINTIFF KASHANI** |
| vs. | | |
| SECURED ASSETS INCOME FUNDS, an unknown entity; et al., | | |
| | Defendants. | |
| SAIF, INC., a California corporation, et al., | | (Doc. No. 160.) |
| | Counter-Claimant, | |
| vs. | | |
| MANAL NAOOM dba L.T.M. AUTO SALES; et al., | | |
| | Counter-Defendants. | |

On October 27, 2006, Defendants and Counterclaimant SAIF, Inc. (collectively, "Defendants") filed a renewed application for discovery sanctions against Plaintiffs Javad Mousavinia, d/b/a Cars 'R' Us, Mehran Khomamizadeh, d/b/a Car Mart, and Afshin Kashani, d/b/a Auto Finance Group. (Doc. No. 160.) Plaintiffs filed their opposition on November 3, 2006. (Doc. No. 174.) Defendants filed a reply on November 5, 2006. (Doc. No. 176.) The Court heard oral argument on Defendants' application on November 6, 2006. Richard Miller and Robert Reynolds appeared for Plaintiffs. Richard Van Dyke appeared for Defendants.

**1.     Plaintiff Javad Mousavinia, d/b/a Cars 'R' Us**

Defendants first sought terminating sanctions against Plaintiff Mousavinia in their original application, filed on September 6, 2006. (Doc. No. 83.) On October 11, 2006, the Court entered an order in which it declined to impose sanctions at that time, but ordered Mousavinia to appear for deposition no later than October 26, 2006. Further, the Court ordered Mousavinia to produce redacted copies of the sales contracts no later than October 19, 2006. The Court also warned Plaintiff Mousavinia that he would be subject to sanctions if he failed to comply with the order.

In this renewed application, Defendants seek sanctions against Plaintiff Mousavinia for failing to appear for the court ordered deposition and for failing to produce the court ordered sales contracts. Defendants ask the Court to dismiss all claims brought by Mousavinia and to enter default against him on all counterclaims brought by SAIF, Inc.

Plaintiffs' counsel, Richard Miller, indicates in his opposition that Mousavinia has been in Iran and cannot appear in person. Instead, Mr. Miller states that Mousavinia has offered to appear by telephone for deposition. Mr. Miller also asks the Court to grant a protective order allowing Mousavinia to appear for deposition by telephone. In their reply, Defendants indicate that Mousavinia has never offered to appear by telephone, but has only offered to respond to written questions by mail.

////

Case 3:05-cv-01207-H-CAB   Document 189   Filed 11/08/06   PageID.4329   Page 3 of 6

Plaintiff Mousavinia filed this case against Defendants and chose to bring suit in San Diego County. Given that trial is set to begin November 21, 2006, the Court reasonably required Plaintiff Mousavinia to appear for deposition no later than October 26, 2006, less than four weeks before trial, so that Defendants could prepare their defense. Absent a stipulation, the Court declines to order Defendants to depose Plaintiff Mousavinia by telephone.

As to the sales contracts, Plaintiffs' counsel indicates that Mousavinia's documents have been destroyed and cannot be produced, but he has not provided any evidence or current sworn statement from Mousavinia. On August 12, 2005, Magistrate Judge McCurine ordered Plaintiffs to produce sales contracts with redacted social security numbers. (Doc. No. 11.) Similarly, on June 19, 2006, Magistrate Judge Bencivengo ordered Plaintiffs to provide the redacted sales contracts for inspection and copying no later than July 14, 2006. (Doc. No. 49.) Magistrate Judge Bencivengo explicitly warned the parties that failure to comply with the order would result in sanctions.

Rule 37 of the Federal Rules of Civil Procedure authorizes a court to dismiss any part of an action or to render judgment by default against a party who fails to appear for a court ordered deposition. See Fed. R. Civ. P. 37(b)(2)(C) & (d). The Ninth Circuit has set forth the following five part test for determining when dismissal sanctions are just: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the [party seeking sanctions]; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." Valley Eng'rs, Inc. v. Elec. Eng'g Co., 158 F.3d 1051, 1057 (9th Cir. 1998). Because the first and second factors typically support sanctions while the fourth disfavors dismissal, prejudice to the moving party and the availability of less drastic sanctions, the third and fifth factors, are usually decisive. Id. The Ninth Circuit has indicated "that factor 5 involves consideration of three subparts: whether the court explicitly discussed alternative sanctions, whether it tried them, and whether it warned

the recalcitrant party about the possibility of dismissal." Id. (citing Malone v. U.S. Postal Serv., 833 F.2d 128, 132 (9th Cir.1987)). Nevertheless, "despite all this elaboration of factors, [the Ninth Circuit has] said that it is not always necessary for the court to impose less serious sanctions first, or to give any explicit warning." Id. (citing Adriana Int'l Corp. v. Thoeren, 913 F.2d 1406, 1413 (9th Cir. 1990)).

Looking at the Valley Engineers factors, as the Ninth Circuit noted, the first and second factors weigh in favor of dismissal here, while the fourth factor disfavors dismissal. Looking at the third factor, the risk of prejudice to Defendants is high. Trial is now scheduled to begin in less than two weeks. If the Court does not terminate Plaintiff Mousavinia, he could surprise Defendants by returning on the eve of trial to assert his claims without having complied with his court ordered discovery obligations. Defendants have had no opportunity to depose Mousavinia and fully prepare a defense before trial, and they have not seen the underlying sales contracts for the vehicles. Similarly, Mousavinia's repeated failure to appear for deposition and repeated failure to produce the sales contracts have deprived SAIF, Inc. of its right to prepare its case against him.

Turning to the fifth factor, the availability of less drastic sanctions, the Court has not only discussed alternative, less drastic sanctions, but it declined to impose any sanctions at all in response to Defendants' first application. Further, this Court specifically warned Plaintiff Mousavinia that he would face sanctions if he failed to comply with this Court's order. Under these circumstances, terminating sanctions are appropriate. See, e.g., Valley Eng'rs, 158 F.3d at 1057.

Accordingly, the Court **DISMISSES** Plaintiff Mousavinia's claims against Defendants. Further, the Court **STRIKES** Mousavinia's answer and enters **DEFAULT** against him on SAIF, Inc.'s counterclaims. SAIF, Inc. still must prove sufficiently any damages.

/ / / /

/ / / /

2. **Plaintiff Mehran Komamizadeh, d/b/a Car Mart**

Defendants seek sanctions against Plaintiff Khomamizadeh for failing to produce sales contracts. Specifically, Defendants ask the Court to enter an order deeming as admitted SAIF, Inc.'s 15th and 27th causes of action and the factual allegations in ¶ 180 of SAIF, Inc.'s First Amended Countercomplaint. In response, Plaintiffs state that Khomamizadeh does not possess any documents, as he has turned them over to the California Department of Motor Vehicles. In support of their opposition, Plaintiffs include an April 8, 2005 declaration from Khomamizadeh responding to a request for production of documents. In this declaration, Khomamizadeh states that he turned over any documentation belonging to the California Department of Motor Vehicles, and that any and all documents relating to his car dealership either do not exist, have been destroyed, or have been wrongfully removed by a representative of Defendants Thomas Sterling and SAIF, Inc. Plaintiff Khomamizadeh has not provided a declaration in response to Defendants' current application for sanctions.

As noted above, both Magistrate Judge McCurine and Magistrate Judge Bencivengo ordered Plaintiffs to produce redacted sales contracts. (See Doc. Nos. 11 & 49.) Similarly, in response to Defendants' first application for discovery sanctions, although this Court declined to impose sanctions at that time, it ordered Plaintiff Khomamizadeh to produce copies of the redacted sales contracts no later than October 19, 2006 or face sanctions. (Doc. No. 147.) Khomamizadeh has not produced any sales contracts.

Nevertheless, at this time, the Court will take Defendants' application as to Plaintiff Khomamizadeh under submission. Plaintiff Khomamizadeh shall submit a current declaration indicating whether the documents currently exist and where they are located, and if they no longer exist, he must provide the reasons why the documents no longer exist. The Court will consider not allowing Plaintiff Khomamizadeh to present evidence related to the sales contracts at trial, and the Court reserves the right to impose monetary sanctions or any other appropriate sanction.

**3.  Plaintiff Afshin Kashani, d/b/a Auto Finance Group**

Defendants also seek discovery sanctions against Plaintiff Kashani for failing to appear for a court ordered deposition. In response to Defendants' previous application for discovery sanctions, this Court ordered Kashani to appear for deposition no later than October 26, 2006. (Doc. No. 146.) Kashani has not appeared for deposition, but on October 25, 2006, Kashani filed a bankruptcy petition. Although this petition stays any claims against Kashani, it does not stay his claims against Defendants. Accordingly, Defendants ask the Court to strike his claims against Defendants.

The Court **DENIES** Defendants' application for sanctions against Plaintiff Kashani. The parties agreed at oral argument that, notwithstanding the bankruptcy stay, Kashani is still subject to deposition regarding his claims against Defendants. Accordingly, as indicated at oral argument, the Court **ORDERS** the parties to meet and confer with the bankruptcy trustee regarding how to proceed as to Plaintiff Kashani's claims against Defendants. The parties shall provide the Court with an update regarding the results of the meeting with the trustee.

IT IS SO ORDERED.

DATED: November 8, 2006

                                                  MARILYN L. HUFF, District Judge
                                                  UNITED STATES DISTRICT COURT

COPIES TO:
Richard S. Van Dyke, Esq.
Van Dyke & Associates
Faraday Business Park
5741 Palmer Way, Suite B
Carlsbad, CA 92008

Richard P. Miller, Esq.
Law Offices of Richard P. Miller
2207 Garnet Avenue, Suite N
San Diego, CA 92109