# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANAL NAOOM dba L.T.M. AUTO SALES; et al., <br><br> Plaintiff, <br><br> vs. <br><br> SECURED ASSETS INCOME FUNDS, an unknown entity; et al., <br><br> Defendants. <br><br> SAIF, INC., a California corporation, et al., <br><br> Counter-Claimant, <br><br> vs. <br><br> MANAL NAOOM dba L.T.M. AUTO SALES; et al., <br><br> Counter-Defendants. | CASE NO. 05-CV-1207 H (CAB) <br><br> **ORDER RE PLAINTIFFS' NOTICE OF INTERLOCUTORY APPEAL AND CONFIRMING TRIAL SCHEDULE REMAINS UNCHANGED** |

On November 15, 2006, Plaintiffs filed a notice of interlocutory appeal of this Court's summary judgment order. (Doc. No. 196.) The Court is scheduled to hear oral argument on the parties' motions in limine on Monday, November 20, 2006, and trial is scheduled to begin on November 21, 2006. As explained below, the Court's

summary judgment order is not a final judgment, and the Court declines to certify this interlocutory appeal. Further, Plaintiffs have not requested a stay of proceedings, and in any event, the Court concludes that a stay would hinder the efficient resolution of this suit. Accordingly, the trial and pretrial schedule remains unchanged.

Federal Rule of Civil Procedure 54(b) governs entry of judgment upon multiple parties or claims:

> When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

Fed. R. Civ. P. 54(b). Because the Court did not make an express determination that entry of judgment was appropriate, and because the Court did not direct entry of final judgment, this Court's summary judgment order is not a final judgment.

Nevertheless, a district court may certify a non-final order for appeal if it determines that "such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). Thus, to certify the orders, the court must find that they involve (1) a controlling question of law, (2) that involves a substantial ground for difference of opinion, (3) the resolution of which by the court of appeals will materially advance the termination of the dispute. In re Cement Antitrust Litig., 673 F.2d 1020, 1026 (9th Cir. 1982). "[T]he legislative history of 1292(b) indicates that this section was to be used only in exceptional situations in which allowing an interlocutory appeal would avoid protracted and expensive litigation." Id.

/ / / /

As the Ninth Circuit has explained:

> Section 1292(b) was intended primarily as a means of expediting litigation by permitting appellate consideration during the early stages of litigation of legal questions which, if decided in favor of the appellant, would end the lawsuit. Examples of such questions are those relating to jurisdiction or a statute of limitations which the district court has decided in a manner which keeps the litigation alive but which, if answered differently on appeal, would terminate the case.

United States v. Woodbury, 263 F.2d 784, 787 (9th Cir. 1959). In this case, Plaintiffs have not sought certification with this Court. Even if they had, however, the Court concludes that termination of this dispute will be more expeditiously advanced by allowing the litigation to continue in its ordinary course; Plaintiffs will be free to follow normal appellate procedure, with a complete record, at the end of the litigation. Accordingly, the Court declines to certify its summary judgment order for interlocutory appeal.

Finally, Plaintiffs have not requested a stay in this case, nor would the Court grant one. Further, § 1292(b) explicitly states that "application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order." 28 U.S.C. 1292(b); see also Wright, Miller, & Cooper, 16 Federal Practice and Procedure § 3929 ("Absent a stay, the district court may pursue the case through to final judgment."). Accordingly, the pretrial and trial schedule remains unchanged. The Court will hear oral argument on the parties' motions in limine on **Monday, November 20, 2006 at 10:30 a.m.**, and trial will begin on **Tuesday, November 21, 2006 at 1:00 p.m.**

IT IS SO ORDERED.

DATED: November 16, 2006

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT

| | |
|---|---|
| 1 | COPIES TO: |
| | Richard S. Van Dyke |
| 2 | Van Dyke & Associates |
| | Faraday Business Park |
| 3 | 5741 Palmer Way, Suite B |
| | Carlsbad, CA 92008 |
| 4 | |
| | Richard P. Miller |
| 5 | Robert Reynolds |
| | Law Offices of Richard P. Miller |
| 6 | 2207 Garnet Avenue, Suite N |
| | San Diego, CA 92109 |
| 7 | |
| 8 | |
| 9 | |
| 10 | |
| 11 | |
| 12 | |
| 13 | |
| 14 | |
| 15 | |
| 16 | |
| 17 | |
| 18 | |
| 19 | |
| 20 | |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |
| 26 | |
| 27 | |
| 28 | |